

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*John J. Pease*
*Direct Dial: (215) 861-8340*
*Facsimile: (215) 861-8618*
*E-mail Address: john.pease@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

August 10, 2008

The Honorable William H. Yohn, Jr.
United States District Judge
14613 United States Courthouse
601 Market Street
Philadelphia, PA  19106-1753

      Re:    United States v. Vincent J. Fumo
                 Criminal No. 06-00319-03

Dear Judge Yohn:

      Please find enclosed the Government's Motion to Quash the subpoena issued by defendant Fumo to the U.S. Department of Defense seeking the official personnel file of Christian Marrone.

                                Respectfully yours,

                                LAURIE MAGID
                                Acting United States Attorney


                                */s/ John J. Pease*
                                JOHN J. PEASE
                                Assistant United States Attorney


cc:    See Certificate of Service

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 06-319-03** |
| | : | |
| **VINCENT J. FUMO** | : | |

**O R D E R**

AND NOW this _____ day of _____, 2008, upon consideration of the Government's Motion to Quash a subpoena issued by defendant Vincent Fumo to the U.S. Department of Defense seeking production of the official personnel file of Christian Marrone, and the response in opposition thereto, it is hereby ORDERED, ADJUDGED and DECREED that the motion is GRANTED. It is FURTHER ORDERED that the subpoena is hereby QUASHED.

BY THE COURT:

_____
HONORABLE WILLIAM H. YOHN, JR.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CRIMINAL NO. 06-319-03 |
| | : |
| **VINCENT J. FUMO** | : |

## GOVERNMENT'S MOTION TO QUASH

The United States of America, by and through its attorneys, Laurie Magid, Acting United States Attorney in and for the Eastern District of Pennsylvania, and John J. Pease and Robert A. Zauzmer, Assistant United States Attorneys, hereby moves that this Court quash a trial subpoena issued by defendant Vincent J. Fumo to the U.S. Department of Defense seeking production of the official personnel file of Christian Marrone.

For the reasons stated in the accompanying memorandum of law, the United States of America respectfully requests that its motion be granted.

Respectfully submitted,

LAURIE MAGID
Acting United States Attorney


*/s/ John J. Pease*
JOHN J. PEASE
Assistant United States Attorney


*/s/ Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-319-03 |
| | : | |
| VINCENT J. FUMO | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
GOVERNMENT'S MOTION TO QUASH**

I.   **BACKGROUND**

On July 17, 2008, one of defendant Vincent J. Fumo's attorneys served a trial subpoena on the U.S. Department of Defense. The subpoena, a copy of which is attached, seeks the production of the "[f]ull and complete employee file of Christian Marrone." The subpoena instructs the Defense Department that it should simply provide the requested records in lieu of appearing at the trial of this case.

Christian Marrone is the son-in-law of defendant Fumo. He worked for Fumo as an aide in Fumo's Philadelphia district office from approximately 1997 through August 2002. Since his departure in 2002, Marrone has been employed as an assistant district attorney in the Montgomery County District Attorney's Office and, more recently, as an employee of the U.S. Department of Defense. Marrone currently serves as an assistant Secretary of Defense with responsibilities related to legislative affairs, on the civilian executive staff of the Secretary of Defense.

Marrone will be one of the government's witnesses at the trial of this matter. His post-Senate employment is utterly irrelevant to any of the issues in this trial. The subpoena issued by Fumo is highly improper and seeks the production of personal and confidential employment records that he is not entitled to receive. Because this highly improper tactic amounts to nothing more than an attempted fishing expedition into the personal life of one of the government's trial witnesses, the subpoena should be quashed.

## II.   LEGAL ARGUMENT

### A.   Rule 17(c) Subpoenas May Not be Used to Obtain Impeachment Materials.

Federal Rule of Criminal Procedure 17(c) governs the use of subpoenas to obtain documentary evidence in criminal cases.[1] "Rule 17(c) was not intended to be a broad discovery device, and only materials that are 'admissible as evidence' are subject to subpoena under the rule." United States v. Dent, 149 F.3d 180, 191 (3d Cir. 1998) (citing United States v. Cuthbertson, 651 F.2d 189, 192 (3d Cir.1981)); see also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.")

---

[1] The Rule provides as follows: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

"Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." Cuthbertson, 630 F.2d at 146.

Under United States v. Nixon, 418 U.S. 683, 699-700 (1974), a moving party must establish the following four factors before a subpoena may issue pursuant to Rule 17(c):

1. That the documents are evidentiary and relevant;

2. That they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

3. That the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

4. That the application is made in good faith and is not intended as a general "fishing expedition."

Moreover, "[c]ourts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment." United States. v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) (citing, among other cases, United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990), and United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981)); see also United States v. Merlino, 349 F.3d 144, 155 (3d Cir. 2003) ("As for the District Court's rejection of the 17(c) subpoena, defendants acknowledge that impeachment material is generally not subject to pre-trial disclosure under the Rule.").

As explained more fully below, because the only conceivable purpose for the issuance of the subpoena by Fumo to the Department of Defense ("DoD") for Mr. Marrone's personnel file is to make use of it for impeachment purposes at trial, the subpoena is improper and should be quashed.

### B. The Subpoena is an Improper Fishing Expedition.

Christian Marrone will testify as a witness at the trial of this case regarding his knowledge of events that occurred during the time that he worked for Fumo, which was during the period from 1997 through August 2002. After a stint in the Montgomery County District Attorney's Office, Marrone was eventually hired by the U.S. Department of Defense ("DoD") on March 21, 2005, where he continues to work today. Mr. Marrone's DoD employment, which began nearly three years after he left the Senate, is unrelated in any way to any issue or fact in this case. There is simply no proper basis whatsoever for defendant Fumo to receive a copy of Mr. Marrone's personal and confidential DoD personnel file.

The law is clear that defendants have no right to use Rule 17 subpoenas for the purpose of rummaging through confidential personnel files of government witnesses as part of a fishing expedition that seeks fodder for cross-examination. For example, in United States v. Muse, 508 F.2d 513, 516 (10th Cir. 1983), the defendant sought access to the government personnel files of government agents involved with the case. The district court refused this request. On appeal, the Tenth Circuit agreed, finding that the defendant's demand to review the personnel files of the assigned case agents "was

certainly overly broad and in our view superfluous, considering the granted portions of Muse's motion." Id. at 517.  The granted portions of the defense motion were that the government produce Brady and Giglio materials.  Id.

Here, unlike in Muse, the defense seeks production of the personnel file of a fact witness, not a federal law enforcement agent, for a period of employment that began nearly three years after the events about which the witness has knowledge and will testify at trial.  As in Muse, the government here is keenly aware of its responsibilities to produce Brady and Giglio material to the defense, and has granted the defense liberal access to discovery in this case.  Further, the undersigned have reviewed the personnel file in question and found it devoid of Brady or Giglio material.  Therefore, the demand for Mr. Marrone's personnel file goes too far, and amounts to a wholesale invasion of privacy which this Court should not tolerate.[2]

In United States v. Dale, 155 F.R.D. 149 (S.D. Miss. 1994), the defendant sought the production of the personnel files of seven employees of the Mississippi Insurance Department.  The district court examined the personnel files *in camera*, and found that the "file appeared to contain the types of information which might appear in any personnel file." Id. at 151.  In making the determination whether compliance with the subpoena would be "unreasonable or oppressive" within the context of the four-part

---

[2] The personnel file does contain a resume, and while that resume offers nothing exculpatory, the government will provide it to the defense as a standard summary of Marrone's employment experience.

analysis set forth by the Supreme Court in Nixon, the court held that it "must also consider the privacy rights" of the individual whose personnel file was the subject of the trial subpoena, as "[s]uch interests fall within the confidentiality strand of privacy." Id. (internal quotations and citations omitted).

In denying the defendant's motion to order the production of the personnel files, the court determined that the defendants were on a "'fishing expedition to see what type of information might be contained in the files which could aid their defense." Id. at 152. In refusing to allow the defendants to receive the personnel files, the court noted that "[t]he Defendants are apparently interested in Fanning's file to obtain information for the purpose of attacking his credibility, as opposed to finding any substantive evidence which might be admissible at trial." Id. at 152. Finding that this was an insufficient justification to warrant the invasion of privacy that results in rummaging through a witness' personnel file, the court concluded that "cross-examination is available to the Defendants, and this tool should suffice for the purpose of attacking Fanning's credibility." Id.

The same factors that persuaded the court in Dale to deny the defense request for access to employee personnel files apply with equal force here. Government counsel has reviewed Mr. Marrone's DoD personnel file and, as in Dale, seen that it contains the same types of highly personal and confidential information which might appear in any personnel file. There is nothing in Mr. Marrone's DoD personnel file that is in any way embarrassing or which is reflective of any bad acts. It is inconceivable that

any credible claim could be made that any of the contents of this personnel file are "helpful to the defense." Moreover, there is nothing in Mr. Marrone's personnel file that is in any way relevant to any of the facts or issues that are the subject of this criminal prosecution. As in Dale, defendant Fumo should not be permitted to invade the privacy rights of Mr. Marrone or any other witness in his far-flung pursuit of information that he thinks might somehow be useful in attacking a witness' credibility.

Other courts have also quashed Rule 17(c) subpoenas where the sole use of the materials requested was for impeachment purposes, rejecting even *in camera* inspection of the personnel files and other documents relating to certain government witnesses where impeachment would be the sole purpose of the documents. See, e.g., United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (quashing subpoena because the "sole use to Cherry at trial would be as impeachment material which . . . is not obtainable through Rule 17(c)); United States v. Henry, 2007 WL 219885, *2 (E.D. Pa. Jan. 26, 2007) (Rule 17(c) "preclud[es] production of documents where evidentiary use is limited to impeachment") (citations omitted); United States v. Jasper, 2003 WL 1107526 (S.D.N.Y. Mar. 13, 2003) ("the subpoena for these documents constitutes the sort of fishing expedition that Rule 17(c) prohibits . . . the Defense has failed to show that the documents sought in this subpoena will be used for anything other than impeachment purposes.").

## III. CONCLUSION

As explained above, the use of a Rule 17(c) trial subpoena demanding pretrial production by the Department of Defense of the entire contents of Mr. Marrone's official personnel file is highly improper and is entirely inconsistent with the fundamental purpose of Rule 17(c). The United States of America therefore respectfully requests that its motion be granted and that the subpoena issued by defendant Fumo to the U.S. Department of Defense be quashed.

Respectfully submitted,

LAURIE MAGID
Acting United States Attorney


*/s/ John J. Pease*
JOHN J. PEASE
Assistant United States Attorney


*/s/ Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that I have caused to be sent by e-mail a true and correct copy of the Government's Motion to Quash to the following:

Dennis J. Cogan, Esq.
2000 Market Street, Suite 2925
Philadelphia, PA  19103

Stephen R. LaCheen, Esq.
LaCheen Dixon Wittels & Greenberg, LLP
1429 Walnut Street, 13th Floor
Philadelphia, PA 19102

Peter Goldberger, Esq.
50 Rittenhouse Place
Ardmore, PA 19003

  Counsel for Defendant Vincent J. Fumo

Edwin J. Jacobs, Jr., Esq.
Jacobs and Barbone, P.A.
1125 Pacific Avenue
Atlantic City, NJ  08401

  Counsel for Defendant Ruth Arnao

James C. Schwartzman, Esq.
Todd James Cook, Esq.
Stevens & Lee
1818 Market Street
29th Floor
Philadelphia, PA  19103

  Counsel for Defendant Leonard P. Luchko

Brian McMonagle, Esq.
McMonagle, Perri & McHugh, P.C.
30 South 15th Street
Suite 701
Philadelphia, PA  19102

    Counsel for Defendant Mark C. Eister


    */s/ John J. Pease*
    JOHN J. PEASE
    Assistant United States Attorney


Dated:  August 10, 2008.