IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-319-03 |
| | : | |
| VINCENT FUMO | : | |

MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S MOTION TO QUASH SUBPOENA

I.      INTRODUCTION

Presently before the Court is a motion in which the government requests the Court to

quash a trial subpoena that was served upon the Office of the General Counsel for the United

States Department of Defense.  According to the government, the subpoena is invalid because it

requires the production of unspecified "impeachment materials" that will be used during cross-

examination of one of its witnesses at trial.  The government also accuses the defense of using

the subpoena to improperly conduct a "fishing expedition" into the personal and confidential

employment background of its witness.  Because, however, the government is flat-out wrong on

both scores, its motion should be summarily denied.

II.     ARGUMENT

A.      Rule 17(c) May Be Used To Compel The Production Of Impeachment Materials

The lead case delineating the types of materials which are subject to subpoena under

Rule 17(c) is Bowman Dairy Co. v. United States, 341 U.S. 214 (1951).  There, the Court stated

that Rule 17(c) could be used to obtain documents which are "evidentiary" in nature and all that is required of the subpoena's proponent is that "a good-faith effort be made to obtain evidence." Id. at 220-21; see id. at 222 ("In short, any document or other materials, admissible as evidence, obtained by the government by solicitation or voluntarily from third persons is subject to subpoena"). Based upon the holding in Bowman, the Third Circuit concluded in United States v. Cuthbertson, 630 F.2d 139, 144 (3d Cir. 1980), cert. denied, 454 U.S. 1056 (1981) that Rule 17(c) allows a party to subpoena documents that will be used for impeachment purposes at trial:

> Under the 'evidentiary' standard of Bowman, rule 17(c) permits a party to subpoena materials that may be used for impeaching a witness called by the opposing party, including prior statements of the witness.

Id. The government is thus plainly wrong when it represents in its memorandum that documents or other items of proof which will be used for impeachment purposes cannot be obtained through a subpoena duces tecum issued pursuant to Rule 17(c).[1]

The government is also incorrect when it claims that the proponent of the subpoena must satisfy the four-part test set forth in United States v. Nixon, 418 U.S. 683 (1974) before process may be issued under Rule 17(c). See Memorandum of Law in Support of Government's Motion to Quash at page 3 ("Under United States v. Nixon, 418 U.S. 683, 699-700 (1974), a moving party must establish . . . four factors before a subpoena may issue pursuant to Rule 17(c). . . ."). Contrary to the government's assertion, the so-called Nixon test only applies when a party seeks to obtain pretrial production of documentary items under Rule 17(c). Nixon, 418 U.S. at 699 ("Under this [four-pronged] test, in order to require production prior to trial, the moving party

---

[1] Inexplicably, the government cites Cuthbertson on page two of its memorandum in support of its argument that Rule 17(c) cannot be used to compel the production of impeachment materials despite the fact that the case explicitly states otherwise. See Memorandum of Law in Support of Government's Motion to Quash at page 2.

2

must show . . . .") (emphasis added); see also Cuthbertson, 630 F.2d at 145 ("To obtain these

[production] rights prior to the trial, a party must [satisfy the Nixon test]") (emphasis added).

Again, and as the Third Circuit noted in Cuthbertson, the test for validity in this context "is

whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a

general 'fishing expedition' that attempts to use the rule as a discovery device." 630 F.2d at

144.

     Although the government does not raise the point in its memorandum, the defense

recognizes that there are limitations on its ability to subpoena impeachment materials under Rule

17(c). As the Third Circuit explained in Cuthbertson:

> However, because such statements ripen into evidentiary material for
> impeachment purposes only if and when the witness testifies at trial, impeachment
> statements, although subject to subpoena under rule 17(c), generally are not
> subject to production and inspection by the moving party prior to trial.

630 F.2d at 144; see also United States v. Merlino, 349 F.3d 144, 155 (3d Cir. 2003) ("As for

the District Court's rejection of the 17(c) subpoena, defendants acknowledge that impeachment

material is generally not subject to pre-trial disclosure under the Rule") (emphasis added), cert.

denied sub nom Ciancaglini v. United States, 541 U.S. 965 (2004). This restriction has no

application here, however, because the defense has not sought to use its subpoena power to

obtain pretrial production of any documents under Rule 17(c).[2]

---

[2] The subpoena is returnable on the date that trial is scheduled to begin in this case
because the defense does not know when precisely Christian Marrone will testify for the
government. If the government would advise the defense when it intends to call Marrone as a
witness, we would have no objection to modification of the return date on the subpoena under
Rule 17(c)(2) to reflect this information. This, of course, would obviate the need for the person
to whom the subpoena is directed to remain in court until such time as Mr. Marrone completes
his direct testimony. Further, the "production of records in lieu of appearance" option that
appears on the subpoena was intended to relieve the witness of the burden of appearing in court
                                                        (continued...)

B.      The Subpoena Compels The Production Of Identifiable Evidence

The defense is aware of the fact that "Rule 17(c) requires a party to provide details sufficient to establish that the subpoena's proponent has made a good-faith effort to obtain evidentiary material and is not engaged in a proverbial 'fishing expedition.'" United States v. Reyes, 239 F.R.D. 591, 599 (N.D.Ca. 2006).  That being said, and as the court recognized in Reyes, "the proponent of a subpoena cannot be expected to identify the materials he seeks in exacting detail, when (as demonstrated by the fact that he must employ a subpoena) he does not have access to them." Id. (citing Nixon, 418 U.S. at 700).  Generally speaking, "[a] subpoena that fails to describe any specific documents is too broad, but it is not necessary that the subpoena designate each particular paper desired."  2 Wright, King, Klein and Leipold, Federal Practice and Procedure § 275 at page 252.

The government's primary attack on the subpoena at issue here is that it is at bottom an improper attempt to engage in a prohibited "fishing expedition" rather than a good-faith effort to obtain relevant and admissible evidence.  See Memorandum of Law in Support of Government's Motion to Quash at page 4.  Before addressing this claim directly, we believe that the court's remarks in United States v. Tomison, 969 F.Supp. 587, 594 n.18 (E.D.Ca. 1997) have particular application in this case:

> Of course one person's fishing expedition is another's exhaustive investigation. One can only describe as brass the government's objection to 'fishing expeditions,' given its routine behavior relative to subpoenas issued in connection with grand jury investigations.

---

[2](...continued)
for the sole purpose of authenticating records which are themselves self-authenticating and, indeed, have already been produced to the government and inspected by its counsel. Put simply, the defense did not intend through its subpoena to obtain pretrial production of the materials which are the subject of the government's motion.

4

We are also curious as to how the United States Attorney's Office for the Eastern District of Pennsylvania has standing to challenge a defense subpoena served upon the Office of the General Counsel for the United States Department of Defense since the trial prosecutors have made no claim or showing that compliance would be "unreasonable or oppressive" with respect to their office. See id. at 596 ("As the Supreme Court has explained, 'a subpoena for documents may be quashed if their production would be 'unreasonable or oppressive' but not otherwise.' Nixon, 418 U.S. at 698. Accordingly, the government lacks standing to raise the exclusive grounds for quashing the subpoena, since it lacks the sine qua non of standing, an injury in fact relative to those grounds").[3] Because, however, the prosecutors in this case are now in possession of the requested materials and as such could be the targets of another subpoena issued directly to them, Bowman, 341 U.S. at 222 ("any document or other materials, admissible as evidence, obtained by the government by solicitation or voluntarily from third persons is subject to subpoena"), we will address the government's arguments on the merits.

Based upon the discovery that has been produced by the government, we believe that Marrone will testify that he spent approximately 80% of the first 18 months of his employment in Senator Fumo's Office working as a "project manager" on the renovation of a private residence. In contrast to this expected testimony, we have learned through our own investigative efforts that

---

[3] But see United States v. Raineri, 670 F.2d 702, 712 (7th Cir.), cert. denied, 459 U.S. 1035 (1982) (holding that the government has standing to challenge a subpoena issued to a third party where it has a legitimate concern, inter alia, that the subpoena was designed to harass one of its witnesses). The court in Raineri cited the Third Circuit's opinion in In re Grand Jury, 619 F.2d 1022 (3d Cir. 1980) in support of its conclusion that the government had standing to challenge a subpoena issued by the defense to a third party. 670 F.2d at 712. The issue resolved in the Third Circuit case, however, was whether the target of an investigation had standing to raise a claim on appeal that the government was engaging in harassment through the use of subpoenas directed at the target's employees. 619 F.2d at 1027.

Marrone made no such claims or statements when he sought and obtained employment in 2002

in the Montgomery County District Attorney's Office and, in fact, he recounted and highlighted

during interviews there the work that he performed for the Senate.  We also know, based upon

representations contained in the government's memorandum, that he submitted a resume when

he applied for his current position with the Department of Defense which likely listed his past

employment history, duties and responsibilities.[4]  We say "likely" because a search of a website

which lists the qualifications for employment with the Department of Defense states that such

information must be disclosed by a prospective employee and that a background check will be

performed.[5]  Any information which was related by Marrone in an application or during an

interview which concerned his previous employment activities while working in Senator Fumo's

Office would be contained in his personnel file.  Likewise, any documents which reflect the

results of a background check into Marrone's employment activities while working in Senator

Fumo's Office would also be contained in his personnel file.  These are the types of documents

that the defense seeks to obtain through its subpoena and they are directly relevant to the issue of

whether Marrone was working full-time on legitimate Senate business during the time period that

is the subject of the indictment.

Under these circumstances, the defense submits that it has made a good-faith showing

that its Rule 17(c) subpoena seeks the production of relevant evidence and is not being used as a

subterfuge for discovery.  Marrone's personnel file likely contains documents which describe his

---

[4] The government has stated that it will produce this document from Marrone's
personnel file.

[5] Copies of a job description for a position currently open with the Department of
Defense as well as the qualifications for that position and the information which must be
disclosed by the applicant and subjected to a background check are attached hereto as Exhibit A.

employment activities while working in Senator Fumo's Office and it is highly improbable that

he told his current employer that a significant portion of those activities involved what the

government claims in this case was a massive fraud committed upon the taxpayers.  To the extent

that the Court believes that the language used in the subpoena to describe the documents sought

to be produced sweeps to broadly, the proper remedy is to modify the subpoena under Rule

17(c)(2) rather than quash it in its entirety.

III.    CONCLUSION

For any or all of the foregoing reasons, Vincent Fumo requests the Court to deny the

government's motion to quash the subpoena served upon the Office of the General Counsel for

the United States Department of Defense.

Respectfully submitted,

Date: 8/15/08

_____
Dennis J. Cogan
2000 Market Street
Suite 2925
Philadelphia, PA 19103
(215) 545-2400

7

CERTIFICATE OF SERVICE

I, Dennis J. Cogan, hereby certify that on this 15th day of August, 2008, I caused a true

and correct copy of the foregoing Memorandum in Opposition to Government's Motion to Quash

Subpoena to be served upon the following persons by electronic mail:

John J. Pease, AUSA
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Edwin J. Jacobs, Esquire
JACOBS & BARBONE, P.A.
1125 Pacific Avenue
Atlantic City, NJ 08401

Brian McMonagle, Esquire
McMONAGLE, PERRI & McHUGH, P.C.
30 South 15th Street
Philadelphia, PA 19102

_____

Dennis J. Cogan

# EXHIBIT "A"



**USAJOBS**
WORKING FOR AMERICA

Search Jobs | MY USAJOBS | Info Center | Veterans | Forms | Employer Services

**Defense Media Activity**

**Department:** Department Of Defense
**Agency:** Defense Media Activity
**Job Announcement Number:**
SES: 08:26

Overview | Duties | Qualifications & Evaluations | Benefits & Other Info | How to Apply

→ Back to Search Results

## Director, Defense Media Activity

**SALARY RANGE:** 114,468.00 - 172,200.00 USD per year
This is a Tier 3 position with a salary range from $114,468 to $172,200.

**SERIES & GRADE:** ES-0301-00

**PROMOTION POTENTIAL:** None

**WHO MAY BE CONSIDERED:** Applications will be accepted from all groups of qualified individuals. (you must be a U.S. citizen).

**OPEN PERIOD:** Friday, July 25, 2008
to Monday, September 08, 2008

**POSITION INFORMATION:** Full-Time Permanent

**DUTY LOCATIONS:** 1 vacancy - Alexandria, Arlington & Falls Church, VA

**JOB SUMMARY:**
The Defense Media Activity (DMA) is a world-wide Department of Defense (DoD) organization reporting to the Assistant Secretary of Defense for Public Affairs. The DMA is responsible for planning and executing the DoD corporate communications program. It employs state-of-the-art and emerging media technologies in the production and distribution of a broad range of products and services that are essential to meeting the ever-changing information requirements of Department of Defense civilian and military leaders, current and former military service members and their families and affiliated audiences. It consists of 2400 military, civilian, and contract personnel and an annual appropriated budget in excess of $225 million. The Activity operates from multiple locations in the United States and overseas and with deployed military forces throughout the world, including in Afghanistan and Iraq. Products and services include the American Forces Radio and TV Service, Defense Imagery Management Operations Center, Defense Information School, Defense Link and Military Service public web sites, Stars and Stripes Newspapers, the Bloggers Roundtable, and Soldiers, All hands, Airman and Marines magazines.

**KEY REQUIREMENTS:**
- You must submit a resume by the vacancy announcement closing date
- You must meet all minimum qualifications to be considered eligible
- U.S. Citizenship
- Designated and/or Random Drug Testing required.
- Background and/or Security Investigation required.

→ Back to Search Results

 PRINT PREVIEW     EMAIL A FRIEND

 Send Mail
Send Mail to:

? Questions?
For questions about this job:

http://jobsearch.usajobs.gov/getjob.asp?JobID=74331408&AVSDM=2008%2D07%2D29...   8/15/2008

Department Of Defense
Washington Headquarters Services
Human Resources Directorate,
Executive and Political Personnel
2521 South Clark Street, Suite 4000
Arlington, VA 22202-3918
USA

Executive & Political Personnel
Phone:703-693-8548
Email: rss-sesvacancy@whs.mil

**USAJOBS Control Number:** 1285951

EEO Policy Statement | Reasonable Accommodation Policy Statement | Veterans Information
Legal and Regulatory Guidance

Home | Search Jobs | My USAJOBS | Information Center | Veterans | Forms | Employer Services
FAQS | Privacy Policy | Help | Site Map
Contact Us | Privacy Act and Public Burden Information

This is a United States Office of Personnel Management website. USAJOBS is the Federal Government's
official one-stop source for Federal jobs and employment information.

          



USAJOBS is the official job site of the United States Federal Government. It's your one-stop source for Federal jobs and employment information.   HELP(?)

Search Jobs   My USAJOBS   Info Center   My Account   Forms   Employment Complaint

**Defense Media Activity**

Department: Department Of Defense
Agency: Defense Media Activity
Job Announcement Number:
SES: 08:26

Overview | Duties | Qualifications & Evaluations | Benefits & Other Info | How to Apply

→ Back to Search Results

## Director, Defense Media Activity

**QUALIFICATIONS REQUIRED:**
**Qualifications:**

**To meet the minimum qualification requirements for this position, you must show in your resume that you possess the five Executive Core Qualifications (ECQs), Technical Qualifications, and other qualifications, if applicable, listed below.**

**EXECUTIVE CORE QUALIFICATIONS:**

**ECQ 1 - LEADING CHANGE:** The ability to bring about strategic change, both within and outside the organization, to meet organizational goals. Inherent to this ECQ is the ability to establish an organizational vision and to implement it in a continuously changing environment.

**ECQ 2 – LEADING PEOPLE:** The ability to lead people toward meeting the organization's vision, mission, and goals. Inherent to this ECQ is the ability to provide an inclusive workplace that fosters the development of others, facilitates cooperation and teamwork, and supports constructive resolution of conflicts.

**ECQ 3 – RESULTS DRIVEN:** The ability to meet organizational goals and customer expectations. Inherent to this ECQ is the ability to make decisions that produce high-quality results by applying technical knowledge, analyzing problems, and calculating risks.

**ECQ 4 – BUSINESS ACUMEN:** The ability to manage human, financial, and information resources strategically.

**ECQ 5 – BUILDING COALITIONS:** The ability to build coalitions internally and with other Federal agencies, State and local governments, nonprofit and private sector organizations, foreign governments, or international organizations to achieve common goals.

Additional information on the Executive Core Qualifications is available at www.opm.gov/ses/recruitment/ecq.asp. We recommend that your resume emphasize your level of responsibilities, the scope and complexity of programs managed and your program accomplishments, including the results of your actions. **Please do not submit separate statements addressing the ECQs.**

**[TECHNICAL QUALIFICATIONS: (1. Senior leadership and managerial experience that demonstrates the ability to successfully lead, inspire, direct, and manage a large, dynamic, complex and geographically diverse enterprise. 2. Demonstrated skill in applying strategic planning, performance based management, change management, and business process improvement techniques to achieve a high-performing, adaptive, client-focused organization.) We recommend that your resume emphasize your level of responsibilities, the scope and complexity of programs managed and your accomplishments, including the results of your actions. Please do not submit separate statements addressing the Technical Qualifications.]**

The Headquarters OSD and this position will relocate to Ft Meade, MD, o/a September 2011.

Case 1:06-cv-00829-RBJ Document 247 Filed 09/18/08 Page 13 of 15

There is no education requirement for this position.
You must be a U.S. citizen to qualify for this position.

You must submit to a drug test and receive a negative drug test before you can be appointed into this position.

You will need to successfully complete a background security investigation before you can be appointed into this position.

**HOW YOU WILL BE EVALUATED:**                                                      Top ▲
You will be evaluated on the quality and extent of your total accomplishments, experience, and education. Your application will be evaluated by a rating and ranking panel, and highly qualified candidates may undergo an interview and a reference check. The Office of the Secretary of Defense/Washington Headquarters Services (OSD/WHS) Executive Resources Board (ERB) will review results and make recommendations on final selections to the appointing authority. Unless you have already been certified by a Qualifications Review Board (QRB) in the past, your ECQs must be certified by a QRB before appointment can occur.

➡ Back to Search Results

 

 **Send Mail**                          ⑦ **Questions?**

**Send Mail to:**                                      **For questions about this job:**
Department Of Defense                          Executive & Political Personnel
Washington Headquarters Services,      Phone: 703-693-8548
Human Resources Directorate,              Email: rss-sesvacancy@whs.mil
Executive and Political Personnel
2521 South Clark Street, Suite 4000
Arlington, VA 22202-3918
USA

**USAJOBS Control Number:** 1285951

EEO Policy Statement | Reasonable Accommodation Policy Statement | Veterans Information
Legal and Regulatory Guidance

Home | Search Jobs | My USAJOBS | Information Center | Veterans | Forms | Employer Services
FAQS | Privacy Policy | Help | Site Map
Contact Us | Privacy Act and Public Burden Information

This is a United States Office of Personnel Management website. USAJOBS is the Federal Government's
official one-stop source for Federal jobs and employment information.

                    



RE[ P[?]

**USAJOBS**

WORKING FOR AMERICA

USAJOBS is the official job site of the United States Federal Government. It's your one-stop source for Federal jobs and employment information.

Search Jobs | My USAJOBS | Info Center | Veterans | Seniors | Employee Services

---

**Defense Media Activity**

Department: Department Of Defense
Agency: Defense Media Activity
Job Announcement Number:
SES: 08:26

Overview | Duties | Qualifications & Evaluations | Benefits & Other Info | How to Apply

← Back to Search Results

## Director, Defense Media Activity

**HOW TO APPLY:**
You may submit your resume for this job online by selecting the 'Apply Online' button at the bottom of this announcement. Please note: your online resume may not be a complete application. Be sure to carefully read this announcement to see if additional information is required and how it should be submitted. We encourage you to use the USAJOBS resume builder. Although we do not require a specific format, certain information is required to determine if you are qualified. If you do not use the online feature, you should send your resume to rss-sesvacancy@whs.mil.

You must submit your application so that it will be received by the closing date of the announcement. Applications hand delivered must be received by 5pm E.S.T. on the closing date of announcement and submitted to the Executive and Political Personnel Division, Room 5E580, the Pentagon. If hand delivered, you must have a badge which allows you escorted access to the Pentagon.

You must submit a resume to describe your qualifications. Resumes must not exceed five pages, including an optional cover letter. Any addition information beyond five pages will not be evaluated. Please do not submit an application form (such as OF-612, Optional Application for Federal Employment) in lieu of a resume. Applicants typically provide the following information:

Vacancy announcement number (08:26)

Full name, mailing and email addresses, day and evening telephone numbers

Educational information, including the name, city and state of colleges or universities you attended, as well as the type and year of any degree received. Report only attendance and/or degrees from schools accredited by accrediting institutions recognized by the U.S Department of Education. For more information, you may refer to the following U.S. Department of Education website: http://www.ed.gov/admins/finaid/accred/index.html.

Information about your paid and non paid work experience related to this position including: job title, duties and accomplishment, employer's name and address, duration of employment, and salary.

Information about honors, awards, and special accomplishments.

**AGENCY CONTACT INFO:**                                                          Top ▲

    Executive & Political Personnel
    Phone: 703-693-8548
    Email: rss-sesvacancy@whs.mil

    Or write:
    Department Of Defense

Washington Headquarters Services, Human Resources Directorate, Executive and
Political Personnel
2521 South Clark Street, Suite 4000
Arlington, VA 22202-3918
USA

**WHAT TO EXPECT NEXT:**                                                Top ▲
Our evaluation will be based on the information you supply. You should expect that we will verify
performance, suitability, and security information from reference checks and take that information
into account in making employment offers.

→ Back to Search Results

  

 **Send Mail**                    (?) **Questions?**

**Send Mail to:**                          **For questions about this job:**
Department Of Defense                      Executive & Political Personnel
Washington Headquarters Services,          Phone: 703-693-8548
Human Resources Directorate,               Email: rss-sesvacancy@whs.mil
Executive and Political Personnel
2521 South Clark Street, Suite 4000
Arlington, VA 22202-3918
USA

**USAJOBS Control Number: 1285951**
EEO Policy Statement | Reasonable Accommodation Policy Statement | Veterans Information
Legal and Regulatory Guidance

Home | Search Jobs | My USAJOBS | Information Center | Veterans | Forms | Employer Services
FAQS | Privacy Policy | Help | Site Map
Contact Us | Privacy Act and Public Burden Information

This is a United States Office of Personnel Management website. USAJOBS is the Federal Government's
official one-stop source for Federal jobs and employment information.

