# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 06-319 |
| VINCENT J. FUMO | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                          August 20, 2009

Defendant's motion for bail pending appeal or in the alterative, for extension of time to report to the custody of the Bureau of Prisons, is denied in its entirety for the following reasons:

    **A.**     **Bail Pending Appeal**

Only two of the prerequisites for bail pending appeal are met by defendant.

(1)     Defendant is not likely to flee or pose a danger to public safety if released as the Government concedes.

(2)     The appeal is not for purpose of delay, even accepting the Government's characterization as it as being only "a strategic counterpoint." Counsel have certified that the appeal is not taken for purposes of delay, but because they believe that it presents substantial issues. These issues are ones which counsel have consistently argued before and after the jury verdict. Because they ultimately decided to accept the judgment of the jury and the court does not necessarily mean that they had "little faith in the issues."

(3) Defendant does not present any substantial issue for review. I have carefully reviewed the Government's brief as to whether any substantial issue for review has been presented and adopt its arguments in A through C (pages 5-12 of the Government's Response to Defendant Fumo's Motion for Bail Pending Appeal), and E and F (pages 16-19 of Response).

As to D, Summary Charts, page 13, I would add that the court also instructed the jury that "The believability of what is set forth on a chart is based on whether you believe the documents or other matters received in evidence supports the conclusion on the chart." (Page 4 of Judge's Charge to the Jury).

In accepting the Government's argument as to the "substantial question of fact or law" issue, the Court was guided by the Third Circuit's pronouncements in United States v. Miller, 753 F.2d 19 (3d Cir. 1985) and United States v. Smith, 793 F.2d 85 (3d Cir. 1986), which held that to establish a "substantial question," a defendant must demonstrate that "the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Smith, 793 F.2d at 89-90 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (emphasis and alterations in original) (internal quotation marks and further citations omitted)). The Third Circuit further explained that a substantial question is one that is "*significant* in addition to being novel, not governed by controlling precedent or fairly doubtful." Smith, 793 F.2d at 88 (emphasis in original). As none of the issues identified by Defendant meet this "fairly debatable" standard, the Motion for Bail Pending Appeal, as previously stated, must be denied.

B.  **Extension of Time**

This request ultimately involves what is described as a need for medical detoxification prior to entering prison. Why this could not have occurred over the almost seven week period from the time of sentencing (July 14, 2009) until the report date is not apparent from the reports submitted.

The defendant will hardly be the first person sent to prison with a need for detoxification. As I stated to the defendant at the time of sentencing, based largely upon the testimony of Dr. John Manenti of the Bureau of Prisons, "I do believe that the prison bureau works with diligence, like many people do in government, to do their job and to try to do it right. And I think they will do that in terms of your medical care. I will recommend that you be sent to a place where that treatment can be best – the treatment as recommended as set forth in these various reports can be best effected." (July 14, 2009 Tr. at 227).

Nothing defendant has submitted neither changes that assessment nor warrants an extension of time to surrender.

An order follows.